IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| MICHAEL MATTOX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )   No. 19-2530-MSN-dkv |
| | ) |
| MMHI (MEMPHIS MENTAL HEALTH INSTITUTION) | ) |
| | ) |
|     Defendant. | ) |

_____

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND
REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On August 9, 2019, the plaintiff, Michael Mattox, filed a *pro se* complaint against Memphis Mental Health Institution ("MMHI") titled "Habeas Corpus." (Compl., ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Or. 2013-05, Apr. 29, 2013.)

Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) Mattox filed a corrected motion to proceed *in forma pauperis* on September 5, 2019. (ECF No. 6.) The information set forth in the affidavit in support of the corrected motion for leave to *proceed in forma pauperis* satisfies Mattox's burden of demonstrating that he is unable to pay the civil

filing fee.  Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

For the reasons that follow, it is recommended that Mattox's complaint be dismissed *sua sponte* because it fails to state a claim.

## I.   PROPOSED FINDINGS OF FACT

Mattox's three-page, hand-written *pro se* complaint contains very little factual information.  Mattox alleges that he was "seized [without] a warrant [on] approximately June 28, 2019."  (Compl. ¶ 1, ECF No. 1.)  Mattox asserts that there "is no evidence" of Mattox being violent toward himself or others which he argues "is the prerequisite" to being lawfully detained in a mental institution.  (*Id.* at ¶ 2.)  Mattox also seeks to enjoin federal judges from having "absolute immunity," and suggests that federal judges have colluded to have him confined at MMHI.  (*Id.* at ¶ 5.)  This confinement, Mattox argues, violates the First, Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth Amendments.  (*Id.*)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.   28 U.S.C. § 1915(e)(2)(B) Screening

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B).  The clerk is authorized to issue

summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening of Mattox's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i)   is frivolous or malicious;

    (ii)  fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

B.   <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Mattox's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting Iqbal, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint,

they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Paynes's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of

4

action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.")

C.  Standard for Frivolousness

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint lacks an arguable basis in fact when the contentions are "clearly baseless" or describe "fantastic" or "delusional" scenarios. *Id.* at 327-28.

D.  Mattox's Habeas Petition

Mattox's complaint seems to ask this court to release him from MMHI through a writ of habeas corpus. The court will therefore treat Mattox's complaint as a habeas petition under 28 U.S.C. § 2254. The complaint should be dismissed because Mattox alleges no facts to suggest that he has exhausted available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the

courts of the State."); *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (noting that federal habeas review "may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt").

The exhaustion doctrine requires Mattox to fairly present each federal claim to each level of the state court system. *Baldwin v. Reese*, 541 U.S. 27 (2004); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015).

Here, it is apparent that Mattox has not attempted to challenge his continued involuntary commitment in state court, although there are available procedures for judicial review of such commitments. *See* Tenn. Code Ann. § 33-6-401, *et seq.*; *Reeners v. Troup*, at *8 (M.D. Tenn. Aug. 11, 2017), *report and recommendation adopted*, 2018 WL 2041602 (M.D. Tenn. May 1, 2018) (noting that the reasonableness of warrantless detentions is subject to judicial review); *see also Collins v. HCA Health Servs. of Tennessee, Inc.*, 517 S.W.3d 84, 92-97 (Tenn. Ct. App. 2016) (discussing Tennessee's involuntary commitment statutory scheme).

Thus, Mattox's habeas petition should be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, the court recommends that Mattox's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Respectfully submitted this 23rd day of September, 2019.

                                                                             /s/ Diane K. Vescovo_____
                                                                             DIANE K. VESCOVO
                                                                             Chief United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.